## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **HERBERT G. CARNATHAN and** ) | |
| **JILL MCFARLAND CARNATHAN,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **CASE NO: 1:17-cv-420** |
| ) | |
| **VALIC FINANCIAL ADVISORS and** ) | |
| **DAN ROLLO,** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

Defendant VALIC Financial Advisors, Inc. ("VFA") hereby files this Notice of Removal of this case from the Circuit Court of Mobile County, Alabama, Case No. 02-CV-2017-902153, where it is currently pending, to the United States District Court for the Southern District of Alabama, Southern Division. This cause is removable pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. VFA respectfully shows the Court as follows:

1.      Plaintiffs Herbert and Jill Carnathan instituted this civil action in the Circuit Court of Mobile County, Alabama on August 14, 2017. A true and correct copy of all process and pleadings is attached hereto as Exhibit A and is incorporated herein by reference.

2.      This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiffs and each Defendant, and the amount in controversy exceeds the jurisdictional minimum.

3. VFA was served on August 17, 2017. This Removal is timely pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b).

4. The United States District Court for the Southern District of Alabama, Southern Division, is the federal district embracing the Circuit Court of Mobile County, Alabama, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. § 81(c)(2) and §1441(a).

## DIVERSITY OF CITIZENSHIP

5. Plaintiffs are citizens and residents of Mobile County, Alabama. *See* Complaint at ¶ 1.

6. Defendant VALIC Financial Advisors, Inc. is a Texas corporation with its principal place of business in Houston, Texas. As a result, VFA is not now, and was not at the time of the filing of the Complaint, a citizen of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases.

7. Defendant Dan Rollo ("Rollo") is a citizen and resident of the State of South Carolina. As a result, Rollo is not now, and was not at the time of the filing of the Complaint, a citizen or resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of cases. *See* Complaint at ¶ 3.

8. Diversity of citizenship is present because Plaintiffs are citizens of the State of Alabama while Defendants VFA and Rollo are citizens of the States of Texas and South Carolina, respectively.

## AMOUNT IN CONTROVERSY

9. Where jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332, the removing party must establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement. *See Roe v.*

*Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)("If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement . . . .'").

10. In meeting its burden, a removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *See Sims v. RBTA Industries, Inc.*, 2016 U.S. Dist. LEXIS 775186, *5-6 (S.D. Ala. June 9, 2016), citing Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 1058, 1061 (11th Cir. 2010). Rather, a removing defendant may meet its burden by showing either that it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum," or that there is "additional evidence demonstrating that removal is proper." *Id*. at *6, *citing Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010); *see also Dart Cherokee Basis Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014)(notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold).

11. Further, in evaluating a removing defendant's jurisdictional showing, courts do not "suspend reality or shelve common sense," but instead "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *See Sims*, 2016 U.S. Dist. LEXIS 775186 at *6, *citing Roe*, 613 F.3d at 1062.

12. According to the Complaint, in 2007, Plaintiffs purchased two annuities through Rollo which were both issued by American Skandia Life Assurance Corporation. Specifically, Plaintiffs purchased: (1) contract number E0561540, issued on March 8, 2007 with an initial premium of $251,823.13 ("Annuity 1"), and (2) contract number E0561546, issued on March 13, 2007 with an initial premium of $252,856.13 ("Annuity 2"). *See* Complaint at ¶ 6. Plaintiffs also

purchased a third annuity in 2009 through Rollo which was issued by Prudential Annuities Life Insurance Corporation. *Id*. at ¶ 10. Specifically, contract number E0801535 was issued on April 14, 2009 with an initial premium of $131,000 ("Annuity 3"). *Id*.

13. Plaintiffs assert claims for fraud and wanton / negligent conduct based upon their belief that the underlying annuity contracts were supposed to be issued to Mr. and Mrs. Carnathan as joint annuitants but were instead issued with Mr. Carnathan as the sole annuitant. *See* Complaint at ¶'s 7, 13, 16 and 18. According to Plaintiffs, the annuity contracts were purchased to provide guaranteed income benefits, not only during Mr. Carnathan's lifetime, but also for Mrs. Carnathan's lifetime. *Id*. Plaintiffs allege that joint annuitant contracts were necessary in light of their family history, where "members of Jill's family lived into their 90's while men in Glenn's family pass in their early 80's or before." *Id*. at ¶ 14.

14. Plaintiffs further claim that in April 2017, they were made aware of the fact that the annuities would only provide retirement income during Mr. Carnathan's lifetime and that "there is no possible way that [Plaintiffs] would have purchased the annuities through Rollo and [VFA] had they known that there were not continued lifetime benefits for Jill under the annuities." Complaint at ¶ 14 (emphasis added).

15. In this case, the amount in controversy is "facially apparent from the pleading itself." Based on Plaintiffs' assertion that they would never have purchased the annuities had they known that Mr. Carnathan was the sole annuitant, Plaintiffs appear seek the return of the full amounts originally paid for the annuity contracts. As set out above, the total amount paid for the underlying annuities was in excess of $600,000. As a result, the amount in controversy is satisfied in this case.

16.     However, even if the Court interprets the Complaint as seeking damages representing the *difference* between the benefits paid during Mr. Carnathan's expected lifetime and those paid during Mrs. Carnathan's (longer) expected lifetime, any such difference may be readily calculated and the amount in controversy easily satisfied.

17.     As set out above, Annuities 1 and 2 were issued on March 8th and 13th of 2007 and funded with a combined total of $504,609.  In addition, both contracts contained a 10 year guaranteed growth rate of 5% compounded interest as well as a guaranteed 5% annual payout. *See* Applications for Annuities 1 and 2, Declaration of Patricia Robinson at ¶ 3, attached as Exhibit B, hereto. [1]

18.     At 5% compound interest, Annuities 1 and 2 were worth approximately $822,069 as of March 2017 – the year Mr. Carnathan turned 65.  Based on the guaranteed 5% annual payout, Mr. Carnathan is expected to receive at least $41,104 per year from these annuities for his lifetime.

19.     Similarly, Annuity 3 was issued in April of 2009 and was funded with a total of $131,000.  Assuming a similar 10 year guaranteed growth rate of 5% and guaranteed 5% annual payout, Carnathan is expected to receive an additional $9,677 per year for his lifetime.  *See* Application for Annuity 3, Robinson Decl. at ¶ 4; *see also* Illustration 1, below.

| Contract | Issue Date | Initial Premium | Growth at 5% Compound Interest[2] | Annual Benefit at 5%[3] |
|---|---|---|---|---|
| Annuity 1 | March 8, 2017 | $251,823 | $410,193 | $20,510 |
| Annuity 2 | March 13, 2007 | $252,856 | $411,876 | $20,594 |

---

[1] The Eleventh Circuit has routinely recognized that "affidavits, depositions or other evidence" may be submitted to prove that removal is proper.  *See Fowler v. Safeco Ins. Co. of Am*., 915  F.2d 616, 617 (11th Cir. 1990); *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 755 (11th Cir. 2010)(holding that "[d]efendants may introduce their own affidavits, declarations, or other documentation" to establish that removal was proper.).
[2] Growth calculated through March 2017.
[3] Based on estimated March 2017 values.

| Annuity 3 | April 14, 2009 | $131,000 | $193,547 | $9,677 |
|---|---|---|---|---|
| | **Totals:** | **$635,679** | **$1,015,616** | **$50,781** |

20.     Finally, based on the allegations in the Complaint, Plaintiffs' claims are premised upon their expectation that Mr. Carnathan will live to his early 80's while Mrs. Carnathan is expected to live into her 90's.  Using the amounts above and based on Plaintiffs' statements contained in the Complaint, if Mr. Carnathan lives to age 80 while Mrs. Carnathan lives to age 90, the difference in the amounts guaranteed under the contracts issued with Mr. Carnathan as the sole annuitant compared with the same contracts issued with Mr. and Mrs. Carnathan as joint annuitants is approximately $664,385.[4]  *See* Illustration 2, below.[5]

Total Annual Payout as issued (Mr. Carnathan from age 65 to age 80): $761,715

Total Annual Payout if issued as joint annuitants (Mr. Carnathan's age 65 to Mrs. Carnathan's age 90): $1,426,100

Difference: $664,385

## MISCELLANEOUS

21.     Defendant Dan Rollo has indicated his consent to the removal of this case by filing a Notice of Joinder in Removal, filed contemporaneously with the Notice of Removal.

---

[4] Based on VFA's records, Mr. Carnathan will turn 80 in 2032 and Mrs. Carnathan will turn 90 in 2045.
[5] As this court recently pointed out in *Sims v. Valluzzo*, it is not Defendants' burden to prove that the precise amount in controversy in this case is $664,385.  Rather, all that is necessary to support § 1332 jurisdiction is for the court to determine that Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *See Sims v. Valluzzo*, 2016 U.S. Dist. LEXIS 75186, *12, n2 (S.D. Ala. June 9, 2016).

22. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Mobile County, Alabama, as provided by law, and written notice is being sent to Plaintiffs' counsel.

23. Neither Defendant has sought similar relief.

24. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

25. The allegations of the Notice are true and correct and within the jurisdiction of the United States District Court for the Southern District of Alabama, and this cause is removable to the United States District Court for the Southern District of Alabama.

26. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of its position. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

**WHEREFORE, PREMESIS CONSIDERED**, Defendant VFA, by and through its counsel, desiring to remove this civil action to the United States District Court for the Southern District of Alabama, Southern Division, being the district and division for the county in which such civil action is pending, prays that the filing of the Notice of Removal, the fiving of written notice thereof to Plaintiffs, and the filing of a copy of this Notice of Removal with the clerk of the Circuit Court of Mobile County, Alabama shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted this 15th day of September, 2017.

/s/ *David P. Donahue*
David P. Donahue (ASB-3216-H49D)
Matthew I. Penfield (ASB-9067-H50P)

Attorneys for Defendant
VALIC Financial Advisors, Inc.

**OF COUNSEL:**

**BRESSLER, AMERY & ROSS, PC**
2001 Park Place, Suite 1500
Birmingham, AL 35203
Tel: (205) 719-0400
Fax: (205) 719-0500
E-mail: ddonahue@bressler.com
         mpenfield@bressler.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of September, 2017, the foregoing document was electronically mailed and/or filed by U.S. Mail, postage prepaid and properly addressed, to all counsel of record as follows:

Thomas H. Benton, Jr.
**BENTON LAW FIRM**
Post Office Box 11
Mobile, AL 36601

/s/ *David P. Donahue*
**OF COUNSEL**